NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-1099, -1108, -1119

SEB S.A.,

Plaintiff/Counterclaim Defendant-
Cross Appellant,

and

T-FAL CORPORATION,

Counterclaim Defendant,

v.

MONTGOMERY WARD & CO., INC.,

Defendant,

and

GLOBAL-TECH APPLIANCES, INC.,

Defendant-Appellant,

and

PENTALPHA ENTERPRISES, LTD.,

Defendant/Counterclaimant-
Appellant.

Appeals from the United States District Court for the Southern District of New York
in 99-CV-9284, Judge Stephen C. Robinson.

ON MOTION

Before NEWMAN, BRYSON, and DYK, Circuit Judges.

DYK, Circuit Judge.

O R D E R

SEB S.A. moves for a stay, pending appeal, of the order of the United States District Court for the Southern District of New York that modified an order of prejudgment attachment. Global-Tech Appliances, Inc. and Pentalpha Enterprises, Ltd. (Pentalpha) oppose. SEB replies.

SEB sued the defendants in the district court for patent infringement. In 2005, the district court granted SEB's motion to attach the proceeds of a judgment that Pentalpha had obtained in a different district court action. Those proceeds represent approximately $5.6 million, according to Pentalpha, and are currently held in an escrow account established by SEB's counsel.

Following a jury verdict and postjudgment motions, the district court entered judgment of $4,878,341. Initially, the district court awarded enhanced damages and more than $900,000 in attorney fees, based on its finding of willfulness. On Pentalpha's motion for reconsideration, the district court denied enhanced damages and attorney fees. The district court cited our then recent decision in In re Seagate, 497 F.3d 1360 (Fed. Cir. 2007). Pentalpha moved to reduce the attachment to the amount of the amended judgment plus postjudgment interest. The district court granted Pentalpha's request and held that only $5.1 million could be retained by SEB in the escrow funds. SEB moved to stay that order pending appeal, and the district court denied the motion. SEB now seeks to stay the order that reduced the attachment from approximately $5.6 million to $5.1 million. In other words, SEB seeks to retain in the escrow fund the additional $500,000 that is in excess of the district court's judgment.

SEB argues that it should be permitted to retain the amount exceeding the current judgment because it might prevail on its argument that the district court should

have awarded attorney fees, which would result in a greater judgment if the remainder of the judgment remains intact after appeal. SEB argues that the district court should not have denied attorney fees because litigation misconduct could have supported its request for such fees, even in the absence of a willfulness determination. SEB argues that the modifications to the attachment order cause a substantial hardship for SEB because Pentalpha is a foreign corporation with no assets in the United States from which to collect a judgment.

To obtain a stay, pending appeal, a movant must establish a strong likelihood of success on the merits or, failing that, nonetheless demonstrate a substantial case on the merits provided that the harm factors militate in its favor. Hilton v. Braunskill, 481 U.S. 770, 778 (1987). In deciding whether to grant a stay, pending appeal, this court "assesses the movant's chances of success on the merits and weighs the equities as they affect the parties and the public." E. I. du Pont de Nemours & Co. v. Phillips Petroleum Co., 835 F.2d 277, 278 (Fed. Cir. 1987). See also Standard Havens Prods. v. Gencor Indus., 897 F.2d 511 (Fed. Cir. 1990).

Based upon the papers submitted, and without prejudicing the ultimate disposition of this case by a merits panel, we determine that SEB has failed to meet its burden to obtain relief. First, SEB cites no caselaw in support of its request which seeks an escrow account in excess of the judgment. Second, in its motion, SEB provides snippets of testimony and assertions of litigation misconduct but SEB does not establish a strong likelihood of success that the district court erred. Although SEB is correct that this court has held that a district court may act within its discretion and determine that litigation misconduct supports an award of attorney fees in a particular case, see, e.g., Serrano v.

<u>Telular Corp.</u>, 111 F.3d 1578, 1585 (Fed. Cir. 1997), SEB has failed to convincingly establish in the motions papers a strong likelihood of success that the district court abused its discretion in declining to award fees in this case.

Accordingly,

IT IS ORDERED THAT:

The motion is denied.

FOR THE COURT

MAR 0 4 2009
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

MAR 0 4 2009

JAN HORBALY
CLERK

cc:    Norman H. Zivin, Esq.
       William Dunnegan, Esq.

s8